UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-60373-CV-BLOOM
MAGISTRATE JUDGE REID

LEON J. NOEL,

 Petitioner,

v.

MARK S. INCH,[1]

 Respondent.
            /

## **REPORT OF MAGISTRATE JUDGE**

### I. Introduction

The Petitioner, **Leon Noel**, has filed this *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for aggravated battery, entered following a jury verdict in Broward County Circuit Court, Case No. 2014CF11627. For the reasons detailed below, the Petitioner is not entitled to habeas corpus relief.

This cause has been referred to the undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Local Rule 1(f) governing

---

[1] Pursuant to Fed. R. Civ. P. 25(d), since Mark S. Inch has replaced Julie Jones as the Secretary of the Florida Department of Corrections, he is substituted as the proper respondent in this case.

Magistrate Judges; S.D. Fla. Admin. Order 2019-02; and the Rules Governing Habeas Corpus Petitions in the United States District Courts.

For its consideration of the petition [ECF 1], the court has the Respondent's response to this court's order to show cause [ECF 11], along with its supporting appendix [ECF 12; 13], containing copies of relevant state court pleadings, including hearing and trial transcripts, and the Petitioner's reply [ECF 14].[2]

## II. Claims

Construing the arguments liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner raises the following grounds for relief:

1. His constitutional rights were violated when he was subjected to double jeopardy. [ECF 1, pp. 9-10].

2. The trial court violated his right to a speedy trial. [ECF 1, pp. 12-16].

3. The trial court violated his due process rights when it denied his motion to dismiss the information based on a speedy trial violation. [ECF 1, pp. 18-19].

---

[2] Petitioner's filing in ECF 14 is labeled as a motion for summary judgment. [ECF 14, p. 1]. On May 15, 2019, the Court denied summary judgment, noting that it was inappropriate, but finding that the motion would serve as Petitioner's reply on habeas review. [ECF 15].

## III. Procedural History[3]

In case number 2013CF10790, Petitioner was charged by information with burglary of a dwelling with a battery, felony battery and aggravated stalking. [ECF 12-2, Ex. 25]. On September 5, 2014, the case was dismissed. [*Id.*, Ex. 31, p. 80].

Charges were re-filed in case number 2014CF11627, and on September 29, 2015, the State filed an amended information, charging Petitioner with burglary of a dwelling with a battery, aggravated battery, and aggravated stalking, related to the same incident in case no. 2013CF10790. [ECF 12-2, Ex. 22]. Petitioner proceeded to trial *pro se*, where a jury found him guilty of trespass (a lesser included offense), aggravated battery-permanent disability, and stalking (a lesser included offense). [ECF 12-1, Ex. 1]. He was adjudicated guilty and sentenced to a total term of fifteen years' imprisonment.[4] [*Id.*, Ex. 2].

On appeal, Petitioner, through counsel, raised two arguments: (1) the trial court abused its discretion by denying his motion in limine and admitting improper collateral crime and bad act evidence, and (2) the trial court erred by invoking improper sentencing considerations to justify imposition of the statutory maximum sentence. [*Id.*, Ex. 3]. Both issues were raised in terms of Florida law. [*Id.*]. On

---

[3] For purposes of this Report, the Court has significantly abbreviated the procedural history in this case, limiting it only to the history relevant to the resolution of the claims raised in the petition.

[4] Petitioner received a fifteen year sentence on the aggravated battery count. He was sentenced to 364 days' imprisonment on the misdemeanor trespass and stalking counts. [ECF 12-1, Ex. 1; Ex. 2, p. 8].

December 14, 2017, the Fourth District Court of Appeal *per curiam* affirmed Petitioner's judgment of conviction without written opinion. [*Id.*, Ex. 9]; *see also Noel v. State*, 236 So.3d 1092 (Fla. 4th DCA 2017) (table).

In February 2018, Petitioner filed a *pro se* petition for writ of habeas corpus in the Florida Supreme Court, alleging, in pertinent part, that (1) the trial court violated his speedy trial rights, and (2) he was subjected to double jeopardy during the proceedings. [ECF 12-1, Ex. 11]. The Florida Supreme Court then transferred the petition to the trial court for consideration as a postconviction motion filed pursuant to Fla. R. Crim. P. 3.850. [*Id.*, Ex. 12]. Shortly after, the trial court issued an order denying the petition, noting that a speedy trial violation could have been brought on direct appeal, and as such, was procedurally barred. [*Id.*, Ex. 13]. The trial court also noted that Petitioner's double jeopardy claim was without merit. [*Id.*]. Petitioner did not appeal.

Petitioner then came to the Court filing his federal habeas corpus petition on **February 6, 2019**.[5] [ECF 1, p. 26].

---

[5]Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001); Fed. R. App. 4(c)(1).

## IV. Threshold Issues

A. Timeliness

Careful review of the procedural history of this case confirms that less than one year of un-tolled time expired after the Petitioner's judgment became final and the filing of this federal habeas petition. Therefore, as the Respondent correctly concedes [ECF 11, p. 5], the petition is timely filed under 28 U.S.C. § 2244(d).

B. Exhaustion

Next, the Respondent asserts that Petitioner's claims are barred from federal habeas review because they were not properly raised and exhausted in state court. [ECF 11, pp. 8-10]. In his reply, Petitioner alleges in part that he has cause to excuse the procedural default of his claims because appellate counsel refused to raise the claims on direct appeal. [ECF 14, p. 2].

Pursuant to 28 U.S.C. §§ 2254(b)-(c), petitioners must exhaust their claims before presenting them in a federal habeas petition. When petitioners do not properly present their claims to a state court by exhausting those claims and complying with the applicable state procedure, § 2254 may bar federal review of those claims in federal court. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (relying upon 28 U.S.C. § 2254(b)-(c)). When it is unclear or less efficient to resolve whether the additional restriction in § 2254(d) applies, federal courts may also deny writs of habeas corpus under § 2254 by engaging in *de novo* review, a more favorable

standard, as a habeas petitioner would surely not be entitled to a writ under § 2254(d) if the claim would fail under *de novo* review. *See, e.g.*, *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010); *Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014); *Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1109-10 (11th Cir. 2012).

Pursuant to 28 U.S.C. § 2254(b)(2), the Court has authority to address unexhausted claims when a denial is appropriate on the merits. *See also Berguis v. Thompkins*, 560 U.S. 370, 390 (2010). To promote judicial efficiency, the merits of the allegedly unexhausted claims have been addressed within this Report.

### V.  Standard of Review

AEDPA ensures that federal habeas corpus relief works to "guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *See Greene v. Fisher,* 565 U.S. 34, 38 (2011). This standard is both mandatory and difficult to meet. *White v. Woodall,* 572 U.S. 415, 420 (2014).

Deferential review under 28 U.S.C. § 2254(d) is generally limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 182 (2011); *Gill v. Mecusker*, 633 F.3d 1272, 1288 (11th Cir. 2011). To review a federal habeas corpus claim, the district court must first identify the last state court decision, if any, that adjudicated the merits of the claim. *See Marshall v. Sec'y, Fla. Dep't of Corr.,* 828 F.3d 1277, 1285 (11th Cir. 2016).

Where the claim was "adjudicated on the merits," in the state forum, § 2254(d) prohibits re-litigation of the claim unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States": or, (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter,* 562 U.S. 86, 97-98 (2011).

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Williams v. Taylor*, 529 U.S. at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas corpus relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Mitchell v. Esparza,* 540 U.S. 12, 16 (2003); *Tharpe v. Warden,* 834 F.3d 1323, 1337 (11th Cir. 2016), *cert. den'd,* 137 S. Ct. 2298 (2017) (accord).

However, regardless of whether AEDPA deference applies, the Court is

authorized to deny a claim for federal habeas relief when the claim is subject to rejection under *de novo* review. *See Conner v. GDCP Warden*, 784 F.3d 752, 757 n. 16 (11th Cir. 2015); *Reese v. Sec'y, Dep't of Corr.*, 675 F.3d 1277, 1291 (11th Cir. 2012). Accordingly, because the Court addresses the merits of Petitioner's claims without reaching the issue of exhaustion, his claims are evaluated under *de novo* review standard.

## V.   Discussion[6]

In **claim 1**, Petitioner alleges that he was subjected to double jeopardy during his criminal prosecution. [ECF 1, p. 9]. Specifically, he claims that because he only battered victim Kevin Long once during the same criminal episode, he could not be charged with burglary with a battery *and* aggravated battery. [*Id*. p. 10]. He also claims that the jury's "acquittal" of the burglary with a battery charge was also an acquittal for the aggravated battery charge. [*Id*.].

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This guarantee is applicable to the States through the Fourteenth Amendment's Due Process Clause. *Benton v. Maryland*, 395 U.S. 784 (1969). The prohibition against double jeopardy consists of three separate guarantees: "(1) It protects against a

---

[6] The Court does not include a summary of the facts adduced at trial because it is not necessary to resolve Plaintiff's claims.

second prosecution for the same offenses after acquittal. [(2) I]t protects against a second prosecution for the same offense after conviction. [(3)] And it protects against multiple punishments for the same offense." *Illinois v. Vitale*, 447 U.S. 410, 415 (1980) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Notably, "[w]hile the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting [a defendant] for such multiple offenses in a single prosecution." *Ohio v. Johnson*, 467 U.S. 493, 499-500 (1984).

Generally, "[t]he question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. at 499. Absent a clear indication of contrary legislative intent, the courts apply the "same-elements" test of *Blockburger v. United States*, 284 U.S. 299 (1932), to determine whether a single criminal incident may be cumulatively punished under separate statutory provisions. The same-elements test inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution. *Id.* at 304. In Florida, separate convictions for different offenses arising from a single act are only permissible where each separate offense contains an element that the other lacks. *See* Fla. Stat. § 775.021(4)(a),(b).

Here, as previously discussed, Petitioner was charged by information with

burglary with a battery (Count 1), aggravated battery (Count 2), and aggravated stalking (Count 3). [ECF 12-2, Ex. 22]. At trial, the jury found Petitioner guilty of trespass, a lesser included offense (Count 1), aggravated battery as charged (Count 2), and stalking, a lesser included offense (Count 3). [*Id.*, Ex. 23]. Petitioner appears to argue that because the jury chose to find him guilty of the lesser included offense of trespass, he was effectively "acquitted" of burglary with a battery, which he claims, necessarily precludes his conviction for aggravated battery.

Petitioner's claim is unpersuasive. The law is clear that while a defendant may be charged with multiple offenses for the same conduct, he may not be sentenced for both of the offenses because that would constitute multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. at 499-500. Therefore, to the extent that Petitioner argues that he could not be prosecuted for both burglary with a battery and aggravated battery, as initially charged, his claim is without merit.

Moreover, there is nothing to suggest that Petitioner's conviction runs afoul of the Double Jeopardy Clause's prohibition against a second prosecution following an acquittal. Contrary to Petitioner's representations here, he was not "acquitted" of the charges in Count 1. Instead, the jury chose to find him guilty of a lesser included offense in accordance with the court's instructions. This finding resulted from the same prosecution and trial where he was found guilty of aggravated battery. There

was, therefore, no "acquittal," nor was there any "second prosecution," so as to make his aggravated battery conviction unconstitutional.

Lastly, when looking at the elements of the relevant convictions to this claim, there is nothing to suggest that Petitioner's convictions violate the Double Jeopardy Clause. Particularly, Petitioner was convicted of trespass, in violation of Fla. Stat. § 810.08, which states that "[w]hoever, without being authorized… willfully enters or remains in any structure or conveyance, or, having been authorized…is warned by the owner…to depart and refuses to do so, commits the offense of trespass in a structure or conveyance." Fla. Stat. § 810.08(1); *see also* [ECF 12-1, Ex. 1, p. 2]. Petitioner was also convicted of aggravated battery, which occurs when a defendant "actually or intentional touches or strikes another person against [their] will," Fla. Stat. § 784.03(1)(a)(1), and in doing so, "intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement[.]" Fla. Stat. § 784.045(1)(a)(1). Neither of these crimes have overlapping elements. They were, therefore, separate crimes committed within the same criminal episode, and consequently, Petitioner's constitutional rights were not violated when he was convicted of both offenses. As such, claim 1 should be denied.

In **claim 2**, Petitioner asserts that the trial court violated his right to a speedy trial. [ECF 1, p. 12]. Specifically, he claims that after his initial arrest in case number 2013CF10790, he filed a *pro se* demand for speedy trial under Fla. R. Crim. P.

11

3.191(b). [*Id*. p. 13]. He further claims that the state failed to bring him to trial within 60 days, and as such, did not have jurisdiction to file the subsequent information in case number 2014CF11627, the case at issue in this report. [*Id*.]. In related **claim 3**, Petitioner alleges that the trial court violated his due process rights when it failed to hold a hearing on his motion to dismiss the state's charging information based on a speedy trial violation. [ECF 1, pp. 18-19].[7]

Under the Sixth Amendment to the United States Constitution, an individual charged with a crime has the right to a fair and speedy trial. U.S. Const. amend. VI. In addition to the constitutional right to a speedy trial, Florida law includes a specific procedural right to a speedy trial set forth in Fla. R. Crim. P. 3.191. Under Fla. R. Crim. P. 3.191, a person charged with a felony must be brought to trial within 175 days of being taken into custody. *See* Fla. R. Crim. P. 3.191(a). A person also has a right to speedy trial by demand, and may exercise that right by filing a demand for trial within 60 days. *See* Fla. R. Crim. P. 3.191(b). A notice of expiration of the

---

[7] Petitioner states that his motion to dismiss referenced both Fla. R. Crim. P. 3.190(c)(4) and Fla. R. Crim. P. 3.191(b). [ECF 1, p. 19]. However, his entire argument centers on the trial court's violation of his speedy trial rights under Fla. R. Crim. P. 3.191 and the Sixth Amendment. [*Id*.]. Fla. R. Crim. P. 3.190(c)(4) involves motions to dismiss based on the "undisputed facts" failing to establish a "prima facie case of guilt." Thus, to the extent that Petitioner claims that the trial court violated Fla. R. Crim. P. 3.190(c)(4), his claim is insufficiently pled because he fails to provide any sufficient facts or argument regarding such a claim. *See Boyd v. Comm'r, Ala. Dep't of Corr.,* 697 F.3d 1320, 1333–34 (11th Cir. 2012). Moreover, such a claim is not cognizable here because "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citation omitted).

speedy trial period is not well-taken if a continuance chargeable to the defense is "made after the expiration of the speedy trial period but before a defendant files a notice of expiration." *See State v. Nelson*, 26 So.3d 570, 579 (Fla. 2010). Moreover, counsel need not consult with a defendant before waiving his speedy trial rights. *See Dillard v. Sec'y, Dep't of Corr.*, 440 F. App'x 817, 820 (11th Cir. 2011) (citing *State v. Kruger*, 615 So.2d 757, 759 (Fla. 4th DCA 1993)).

Analysis of a claim asserting the denial of the **constitutional** right to a speedy trial is governed by *Barker v. Wingo*, 407 U.S. 514, 523 (1972). In *Barker*, the United States Supreme Court identified some of the factors to be considered in determining whether there had been a denial of a speedy trial: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id*. at 530. The arrest, if prior to the indictment, constitutes the initiation of a prosecution for purposes of applying the *Barker* speedy trial test. *Dillingham v. United States*, 423 U.S. 64, 64-65 (1975).

A one-year period between accusation and trial has been recognized as the amount of time necessary to require a speedy trial analysis. *Doggett v. United States,* 505 U.S. 647, 651-52 n.1 (1992). ("[T]he lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year... [I]t simply marks the point at which courts deem the delay unreasonable enough to

trigger the Barker enquiry."). *See also United States v. Register*, 182 F.3d 820, 827 (11th Cir. 1999).

As an initial matter, to the extent that Petitioner's claim is based on a violation of Florida's speedy trial rules, Petitioner's claim is not cognizable on federal habeas review because a state's interpretation of its own laws or rules provides no basis for federal relief. *See Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 24 (11th Cir. 2012). Moreover, "a violation of Florida's speedy trial rules does not 'go to the fundamental fairness of the trial' such that it is cognizable in a § 2254 petition." *Id.* (quoting *Davis v. Wainwright*, 547 F.2d 261, 264 (5th Cir. 1977)).[8]

When liberally construed to be raised as a federal issue, Petitioner's speedy trial claim is also without merit. As previously discussed, Petitioner was initially charged in case number 2013CF10790. [ECF 12-2, Ex. 25]. On October 9, 2013, Petitioner's counsel filed a motion for a continuance, noting that he had just received discovery and needed to take depositions. [*Id.*, Ex. 27]. The following day, counsel mailed Petitioner a letter, explaining his reasoning for requesting a continuance, noting that he had scheduled depositions, and was awaiting certain documents applicable to Petitioner's defense. [*Id.*, Ex. 27]. Petitioner then filed a *pro se* notice

---

[8] In his reply, Petitioner repeatedly argues that the state court violated various provisions of Florida's speedy trial rule and then says that those state law violations violated his constitutional rights. Such a claim is unpersuasive. Although Plaintiff's claim is "couched" in constitutional terms, it provides no basis for habeas relief. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 2008).

14

of expiration of speedy trial, alleging that he had filed a demand for speedy trial and that the state had not brought him to trial within the required time period. [*Id*., Ex. 26]. The trial court struck Petitioner's notice as a "legal nullity" because Petitioner was represented by counsel. [*Id*., Ex. 28].

After the state filed charges in case number 2014CF11627, Petitioner once again filed a *pro se* demand for speedy trial while he was represented by counsel. [ECF 12-2, Ex. 29, p. 75]. Counsel then filed a motion to withdraw, which the court granted. [*Id*.]. Petitioner then proceeded to request defense continuances on October 16, 2014, February 5, 2015, April 2, 2015, and May 28, 2015.  [ECF 12-2, Ex. 29, pp. 73-74]. Particularly, on December 4, 2014, the court also issued an order denying Petitioner's notice of expiration of speedy trial because the record showed that he took a continuance on October 16, 2014, and on December 4, 2014, the date of the court's order. [*Id*., Ex. 30].

Notably, to the extent that Petitioner challenges the trial court's resolution of his speedy demand in case no. 2013CF10790, Petitioner's claim is without merit. The Eleventh Circuit has consistently held that an individual does not have a right to hybrid representation, and as such, the striking of Plaintiff's *pro se* notice of expiration was not a constitutional violation. *See Cross v. United States*, 893 F.2d 1287, 1291-92 (1th Cir. 1990) (collecting cases). Moreover, a challenge to an alleged speedy trial violation in case number 2013CF10790, including Petitioner's claim

that the trial court failed to hold a hearing on his February 28, 2014, motion to dismiss, in case no. 2013CF10790, is not the proper subject of this habeas petition because the charges in that case were dismissed, and as such, Petitioner is not in custody pursuant to any valid judgment in that case. See 28 U.S.C. § 2254(b).

Regarding case number 14CF11627, the proceedings were initiated in August 2014, and Petitioner proceeded to trial in September 2015. [ECF 12-2, pp. 72, 75]. This 13-month delay triggers a constitutional speedy trial inquiry. *See Doggett*, 505 U.S. at 651-52 n.1. As such, the Court must look to the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker,* 407 U.S. at 530.

Applying this factors to this case, it is clear that Petitioner is not entitled to relief. There were no less than four continuances attributable to the defense[9] prior to trial, thereby waiving Petitioner's speedy trial rights. *See Dillard*, 440 F. App'x at 820. Moreover, although Petitioner was incarcerated during the pendency of the proceedings, he does not explain with any sufficient detail how his defense was impaired by the delay. As such, he fails to demonstrate any prejudice resulting from the 13-month delay in his case. *See Martin v. Sec'y, Dep't of Corr.*, 262 F. App'x 990, 995 (11th Cir. 2008).

---

[9] It is unclear from the docket whether the defense continuances were requested by counsel or Petitioner. [ECF 12-2, Ex. 29].

Lastly, while Petitioner does not frame his claim as an ineffective assistance of counsel claim, to the extent that counsel, rather than Petitioner (when *pro se*), is responsible for the delay in Petitioner's case, it simply was not unreasonable or ineffective for counsel to take such continuances in order to better prepare the case. *See McCoy v. Newsome*, 953 F.2d 1252, 1262 (11th Cir. 1992) ("Effective assistance of counsel embraces adequate pretrial investigation"). This is especially true given the seriousness of the allegations against Petitioner and the lengthy prison sentence he was facing if found guilty.

Given the foregoing, Petitioner fails to demonstrate that the state court violated his constitutional rights. Claims 2 and 3 should be denied.

### VI. Cautionary Instruction Re: Clisby Rule

The Court is mindful of the *Clisby* rule that requires district courts to address and resolve all claims raised in habeas corpus proceedings, regardless of whether relief is granted or denied. *Clisby v. Jones*, 960 F.2d 925, 936-36 (11th Cir. 1992). However, nothing in *Clisby* requires consideration of claims or arguments raised for the first time in objections.

Finally, this court has considered all the Petitioner's claims for relief. *See Dupree v. Warden,* 715 F.3d 1295 (11th Cir. 2013). For all his claims, Petitioner has failed to demonstrate how the state courts' denial of his claims, to the extent they were considered on the merits in the state forum, were contrary to, or the product of

an unreasonable application of, clearly established federal law. Whether a precise argument, subsumed within any of the foregoing grounds for relief, was not specifically addressed here or in the state forum, all arguments and claims were considered and found to be devoid of merit, even if not discussed in detail here.

### VII. Evidentiary Hearing

The burden is on the Petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016), *cert. den'd*, 137 S. Ct. 2245 (2017). The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not warranted here.

### VIII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only

if the Petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the Petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, this court should deny a certificate of appealability.

## IX. Conclusion

Based upon the foregoing, it is recommended that:

1. the federal habeas petition be DENIED;
2. final judgment be entered in favor of Respondent;
3. a certificate of appealability be DENIED; and,
4. the case CLOSED.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Petitioner from a *de novo* determination by the district judge of an issue covered in

this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 3rd day of February, 2020.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

cc: Leon J. Noel
M11412
Madison Work Camp
Inmate Mail/Parcels
382 SW MCI Way
Madison, FL 32340
PRO SE

MaryEllen M. Farrell
Office of the Attorney General
Criminal Appeals
1515 North Flagler Drive, Suite 900
West Palm Beach, FL 33401
(561) 837-5016
Email: maryellen.farrell@myfloridalegal.com